**IN THE WESTERN DISTRICT FEDERAL COURT FOR THE
STATE OF OKLAHOMA**

| | |
|---|---|
| **KENNETH GRANTZ,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )    **Case No.:** CIV-19-680-F |
| | ) |
| **THE CITY OF BLANCHARD, a political subdivision,** | ) |
| **STACEY WHITE, in his official and Individual capacity as Chief of Police for the City of Blanchard and/or the City of Blanchard Police Department,** | ) |
| **OFFICER HAINES, in his individual capacity,** | ) |
| **CAPTAIN BELLAMY, in his individual capacity, and** | ) |
| **OFFICER NYE, in her individual capacity,** | ) |
| | ) |
|         **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Kenneth Grantz, by and through his attorney of record, Dustin J. Hopson, and for his causes of action hereby state as follows:

1. Plaintiff, Kenneth Grantz, is a resident of Cleveland County, State of Oklahoma.

2. Defendant, the City of Blanchard is a municipal subdivision under the Oklahoma Governmental Tort Claims Act, located, operating, and having its principal place of business operations in Blanchard, McClain County, State of Oklahoma.

3. Defendant, Stacey White, in his individual capacity, on information and belief, is and was, at all pertinent times the Chief of Police of the City of Blanchard, acting on and behalf of the Blanchard Police Department, which are political subdivisions under the Oklahoma

Governmental Tort Claims Act, and Chief White is a resident of McClain County, State of Oklahoma.

4. Defendant Haines, in his individual capacity, on information and belief, is and was, at all pertinent times employed as a police officer for the Blanchard Police Department and/or the City of Blanchard, which are political subdivisions under the Oklahoma Governmental Tort Claims Act, and on information and belief, Officer Haines is a resident of McClain County, State of Oklahoma.

5. Defendant Bellamy, in his individual capacity, on information and belief, is and was, at all pertinent times employed as a police officer for the Blanchard Police Department and/or the City of Blanchard, which are political subdivisions under the Oklahoma Governmental Tort Claims Act, and on information and belief, Officer Bellamy is a resident of McClain County, State of Oklahoma.

6. Defendant Nye, in her individual capacity, on information and belief, is and was, at all pertinent times employed as a police officer for the Blanchard Police Department and/or the City of Blanchard, which are political subdivisions under the Oklahoma Governmental Tort Claims Act, and on information and belief, Officer Nye is a resident of McClain County, State of Oklahoma.

**JURISDICTION AND VENUE**

7. The causes of action described herein occurred and therefore arose in Grady County, State of Oklahoma, which is located within the jurisdictional and geographical boundaries of the Western District Federal Court of the State of Oklahoma, and therefore venue is proper pursuant to 28 U.S.C. §1391.

8. The matters described herein set forth and allege violations of federal law, and therefore, jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

**ALLEGATIONS OF FACT**

9. On or about March 22, 2019, Plaintiff, Kenneth Grantz, was employed as an independent insurance adjuster and at all times acting in the proper and legal course and scope of his employment as an insurance adjuster within the city limits of the City of Blanchard.

10. At approximately 2:45 pm on March 22, 2019, while Plaintiff was sitting in his vehicle with the window down, Officer Haines, engaged the lights of his patrol vehicle and approached Plaintiff's vehicle on the driver's side.

11. At the time Officer Haines approached Plaintiff's vehicle, he did not have reasonable suspicion that Plaintiff was engaged in any unlawful activity, or that Plaintiff had committed any criminal act.

12. At the time Officer Haines approached Plaintiff's vehicle, the State of Oklahoma did not have any statute or law that requires citizens to provide any photo identification if asked to do so by any law enforcement personnel that did not have reasonable suspicion the citizen was engaged in criminal activity.

13. When Officer Haines arrived at Plaintiff's vehicle, Officer Haines inquired as to Plaintiff's reasons for being in the location where he was and asked the Plaintiff to produce a photo ID.

14. In response to Officer Haines' questions to Plaintiff, Plaintiff cited his constitutional rights and refused to answer Officer Haines' questions, asked what suspicion he had that Plaintiff had committed any criminal act, and refused to produce identification.

15. Plaintiff repeatedly asked Officer Haines what reasonable suspicion he had to warrant Plaintiff producing any photo identification.

16. In response to Plaintiff's inquiry as to reasonable suspicion, Officer Haines stated that he had received multiple calls of a suspicious vehicle, that Plaintiff "[has] a ladder," and he could not further articulate any reasonable suspicion that Plaintiff was engaged in any illegal activity.

17. Upon further questioning by Officer Haines, Plaintiff asked if he was being detained or if he was free to leave.

18. In response to Plaintiff's request to know if he was being detained, and 3 minutes, 49 seconds into his interaction with Plaintiff, Officer Haines stated, "You are not free to leave, it's like a traffic stop."

19. At the moment Officer Haines informed Plaintiff that he was not free to leave, Plaintiff was detained, subject to investigative detention, but not yet arrested.

20. At the time Plaintiff was detained subject to investigative detention, Officer Haines did not have any particularized and objective basis for suspecting Plaintiff of any criminal activity.

21. After being detained by Officer Haines, Plaintiff remained in his vehicle, his hands visible at all times, and refused to further answer questions by Officer Haines.

22. While Plaintiff was detained, Officer Haines ran a records check of Plaintiff's vehicle tags and obtained Plaintiff's full name over his radio.

23. After being placed in detention, Plaintiff continued to professionally and politely refuse to answer questions from Officer Haines.

24. Approximately 6 minutes and 26 seconds into Officer Haines interaction with Plaintiff, Captain Bellamy of the Blanchard Police Department arrived on the scene. Upon his arrival, Officer Haines informed Captain Bellamy that Plaintiff was "refusing to give me ID."

25. Both Officer Haines and Captain Bellamy instructed Plaintiff that he was required by law to provide photo identification when a police officer requests it.

26. Instructions by Officer Haines and Captain Bellamy, that Plaintiff was required by law to provide photo identification when an officer requests it, is not accurate under Oklahoma or Federal law.

27. After Captain Bellamy instructed Plaintiff that "not giving your ID is illegal," Officer Haines informed Plaintiff that doing so was "Obstruction of Justice."

28. When Plaintiff asked again what reasonable suspicion the Officers had for detaining him, Captain Bellamy told Plaintiff to "shut up."

29. Only after Captain Bellamy told Plaintiff to "shut up" did Plaintiff raise his voice to any officer, telling Captain Bellamy that he was professional with Officer Haines and that Bellamy should not tell him to "shut up."

30. After interacting with Plaintiff for 9 minutes and 30 seconds, Officer Haines asked Plaintiff, "If I show you the statute, will you give me your ID?" Plaintiff agreed.

31. Officer Haines returned to his patrol vehicle and called the District Attorney.

32. Thirty-eight seconds after Officer Haines returned to his patrol vehicle, Officer Nye arrived at the scene.

33.     While Officer Haines called the District Attorney's office, Captain Bellamy asked questions of the Plaintiff, to which Plaintiff responded, "I don't have to answer your questions." Captain Bellamy told Plaintiff "You're correct about that."

34.     While Officer Haines called the District Attorney's office, Officer Nye peered through Plaintiff's passenger side window in an effort to build either reasonable suspicion or probable cause, which she later attempted to do citing Plaintiff's possession of a camera and an envelope with the same day's date written on it.

35.     The camera and envelope observed by Officer Nye were both tools of Plaintiff's employment, to which he had every right to possess.

36.     While Captain Bellamy and Officer Nye remained near Plaintiff's vehicle, Officer Haines made contact with District Attorney Travis White.

37.     During his telephone call with District Attorney White, Officer Haines explained the situation and asked District Attorney White if Plaintiff had to show or give officers his identification.

38.     District Attorney Travis White informed Officer Haines that Officer Haines, and others, did not have "anything to compel [Plaintiff] to give ID."

39.     Prior to his conversation with District Attorney White, Officer Haines repeatedly told Plaintiff he had to give officers his identification.

40.     During his telephone call with District Attorney White, Officer Haines informed White "I told him you don't have to give [ID]," which was not a truthful statement.

41. During his telephone call with District Attorney White, Officer Haines told White that, if necessary, he would follow Plaintiff through town until he could find a traffic violation in order to get Plaintiff's ID.

42. Officer Haines' statements that "I told [Plaintiff] he didn't have to give ID" and that he would follow Plaintiff through town until he could find a traffic violation in order to get Plaintiff's ID both, separately and cumulatively, indicate Officer Haines' knowledge that he did not have reasonable suspicion to ever detain Plaintiff or probable cause to arrest him.

43. District Attorney White's instruction that Officers did not have reasonable suspicion or probable cause to compel identification from Plaintiff further informed Officer Haines that he could not continue Plaintiff's detention.

44. Five minutes and nineteen seconds after Officer Haines began returned to his patrol vehicle to call District Attorney White, Chief Stacey White arrived at the scene.

45. When Chief White arrived at the scene, Captain Bellamy told Chief White, "We don't want to ID ourselves."

46. After being on the scene for 16 seconds, and with no further inquiry, Chief White instructed Captain Bellamy "If he don't want to cooperate, arrest him."

47. Two seconds after his instruction to officers, and with no further inquiry, Chief White told Plaintiff that Plaintiff was under arrest.

48. At the time Chief White arrested Plaintiff, neither he, nor any of his subordinate officers had any probable cause to arrest Plaintiff.

7

49. Fifteen minutes after the initial contact with Plaintiff by Officer Haines, and 9 minutes, 20 seconds after returning to his vehicle to call the District Attorney, Officer Haines ended his call with District Attorney White.

50. Upon finishing his call with District Attorney White, Officer Haines exited his vehicle and was first encountered by Chief White.

51. Officer Haines was informed that Plaintiff was under arrest by Chief White, to which Officer Haines said, "Why? He didn't really do anything wrong."

52. Chief White, for the third time without seeking any additional information, told Officer Haines the Plaintiff was Obstructing an Officer's investigation by not providing his ID and that Plaintiff was under arrest.

53. Chief White then approached Plaintiff and told Plaintiff that he did not want to listen to anything, that he was there to tell Plaintiff that if he did not cooperate and provide ID, he was under arrest, unless he wanted to provide ID, and that's the way it was, and that Plaintiff should "have a nice day," before walking away and returning immediately to his vehicle, wherein he proceeded to leave the scene.

54. At the time Chief White, for the second time, notified Plaintiff he was under arrest, before telling Plaintiff to "have a nice day," Chief White, and none of the officers present, had probable cause to arrest Plaintiff.

55. At the time Chief White, for the second time, notified Plaintiff he was under arrest, before telling Plaintiff to "have a nice day," Chief White, and none of the officers present, had reasonable suspicion, or any reason, to continue detention of the Plaintiff.

56. As Chief White began to drive away, Officers continued to ask Plaintiff for identification.

57. Chief White drove his vehicle near the officers and instructed them to "hook him up," once more telling Plaintiff he was under arrest.

58. At the time Chief White, for the third time, notified Plaintiff he was under arrest, Chief White, and none of the officers present, had probable cause to arrest Plaintiff.

59. At the time Chief White, for the third time, notified Plaintiff he was under arrest, Chief White, and none of the officers present, had reasonable suspicion, or any reason, to continue detention of the Plaintiff.

60. After Chief White instructed Officers to "hook [Plaintiff] up," Captain Bellamy told Officer Haines to put Plaintiff in handcuffs, which Officer Haines immediately did.

61. At the time Officer Haines placed Plaintiff in handcuffs, Officer Haines, and none of the Officers present, or the Chief of Police, had probable cause to arrest Plaintiff or continued reasonable suspicion to detain him.

62. At the time Officer Haines placed Plaintiff in handcuffs, Officer Haines informed Plaintiff he was in investigative detention.

63. Officer Haines placed Plaintiff in investigative detention at the time he place Plaintiff in handcuffs, despite being informed by the district attorney that he did not have reasonable suspicion to further detain him and despite Chief White's informing Plaintiff three times that he was under arrest.

64. Once Plaintiff was placed in handcuffs, Captain Bellamy continued to tell Plaintiff he had to provide identification, a misstatement of the law.

65. As Captain Bellamy continued to tell Plaintiff he had to provide identification, Officer Haines did not tell Bellamy, Nye, or Chief White that District Attorney White told him there was not any reasonable suspicion to detain Plaintiff or probable cause to arrest him.

66. Nineteen minutes and fifty-six seconds after the initial contact between Officer Haines and Plaintiff, while Plaintiff was still in handcuffs, Plaintiff told Haines that he was an independent adjuster assigned to meet someone at that location to inspect damage to a home.

67. Officers kept Plaintiff in handcuffs for a total of nearly fifteen minutes while they continued to question him and Plaintiff asserted his right to not answer questions under the Fourth and Fifth Amendments.

68. While Plaintiff remained handcuffed, Officer Haines again submitted his name to dispatch for records check and when his name cleared, Officer Haines removed the handcuffs from Plaintiff and allowed Plaintiff to leave the scene.

69. Officers did not, at any time, forward any charges against Plaintiff for prosecution and none were ever presented, as Plaintiff was not at any time charged with any crime.

70. It is the policy and custom of the City of Blanchard and/or the City of Blanchard police department to violate the rights of citizens without reasonable suspicion or probable cause in order to forcibly obtain their identification.

71. It is the policy and custom of the City of Blanchard and/or the City of Blanchard Police Department to compel identification of citizens, or to rely on compulsory identification of citizens as a false statement of law, in regard to citizens involved in voluntary interactions and/or investigatory detention, despite there being no such law in the State of Oklahoma.

72. The City of Blanchard Police Chief is a policy making authority for the Blanchard Police Department, responsible for establishing, maintaining, and perpetuating policies and/or customs of the Blanchard Police Department, and by extension the City of Blanchard.

73. The acts described above constitute violations of Plaintiff's Fourth and Fourteenth Amendment Rights against unreasonable seizure.

74. As a direct and proximate result of Defendants' actions, Plaintiff has suffered actual damages, to which he is entitled to recover, together with additional compensatory and punitive damages as set forth below, his reasonable costs and attorney fees, and any further relief the court deems appropriate and necessary.

**FIRST CAUSE OF ACTION – UNREASONABLE SEIZURE – FALSE ARREST**

75. Plaintiff adopts and incorporates paragraphs 1 through 74 above, as if set forth fully herein.

76. Plaintiff's first cause of action is presented against the Defendant City of Blanchard/the Blanchard Police Department and Defendant Stacey White, in his official individual capacity as Chief of Police for the City of Blanchard/the Blanchard Police Department, and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

77. Defendants engage in a policy or custom of intentionally and/or negligently requiring compulsory production of photo identification in voluntary or investigative detention interactions with citizens contrary to the law of the State of Oklahoma in order to compel production of identification in violation of citizens' Fourth and Fourteenth Amendment rights.

78. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the Defendant's policy or custom violated Plaintiff's rights.

79. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the law was clearly established that the policy and custom of the Defendants violated the rights of citizens, including those of Plaintiff.

80. Defendants at all pertinent times were acting under color of state law.

81. The actions of falsely arresting the Plaintiff without probable cause constitute an unreasonable seizure in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

82. The actions of the Defendants were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

83. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendants in an amount in excess of $75,000.00 for actual damages, emotional distress, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper. Plaintiff further prays for punitive damages against Defendant White in his individual capacity.

### SECOND CAUSE OF ACTION – UNREASONABLE SEIZURE – FALSE ARREST

84. Plaintiff adopts and incorporates paragraphs 1 through 83 above, as if set forth fully herein.

85. Plaintiff's second cause of action is presented against the Defendant City of Blanchard/the Blanchard Police Department and Defendant Stacey White, in his official and

individual capacity as Chief of Police for the City of Blanchard/the Blanchard Police Department, and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

86. Defendant Stacey White, as Chief of Police of the Blanchard Police Department and a final policy-maker for the City of Blanchard Police Department, created, maintains, and/or promotes a policy or custom of intentionally and/or negligently requiring compulsory production of photo identification in voluntary or investigative detention interactions with citizens contrary to the law of the State of Oklahoma in order to compel production of identification in violation of citizens' Fourth and Fourteenth Amendment rights.

87. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the Defendant's policy or custom violated Plaintiff's rights.

88. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the law was clearly established that the policy and custom of the Defendants violated the rights of citizens, including those of Plaintiff.

89. Defendants at all pertinent times were acting under color of state law.

90. The actions of falsely arresting the Plaintiff without probable cause constitute an unreasonable seizure in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

91. The actions of the Defendants were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

92. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendants in an amount in excess of $75,000.00 for actual damages, emotional distress, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper. Plaintiff further prays for punitive damages against Defendant White in his individual capacity.

**THIRD CAUSE OF ACTION – UNREASONABLE SEIZURE – UNLAWFUL DETENTION**

93. Plaintiff adopts and incorporates paragraphs 1 through 92 above, as if set forth fully herein.

94. Plaintiff's third cause of action is presented against the Defendant City of Blanchard/the Blanchard Police Department and Defendant Stacey White, in his official and individual capacity as Chief of Police for the City of Blanchard/the Blanchard Police Department, and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

95. Defendant Stacey White, as Chief of Police of the Blanchard Police Department and a final policy-maker for the City of Blanchard Police Department violated Plaintiff's Fourth and Fourteenth Amendment rights against unreasonable seizures by ordering an extended detention after the expiration of any reasonable suspicion and/or in the absence of reasonable suspension, due to his adherence to policy, custom, and/or his own decision making authority to compel production of photo identification contrary to the law of the State of Oklahoma and the United States.

96. Because of Defendants' policy or custom, and/or the decision making authority of Defendant Stacey White as a policy maker, Defendants are subject to municipal liability, and Defendnat Stacey White is subject to liability in his individual capacity.

97. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the Defendant's policy or custom, and the decision of Defendant Stacey White, violated Plaintiff's rights.

98. At the time of the subject arrest, detention, and consensual interaction between Defendants and Plaintiff, the law was clearly established that the policy and custom of the Defendants, and the actions of Defendant Stacey White, violated the rights of citizens, including those of Plaintiff.

99. Defendants at all pertinent times were acting under color of state law.

100. The actions of unreasonably detaining the Plaintiff without reasonable suspicion or probable cause constitute an unreasonable seizure in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

101. The actions of the Defendants were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

102. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendants in an amount in excess of $75,000.00 for actual damages, emotional distress, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in

equity, as the court deems reasonable and proper. Plaintiff further prays for punitive damages against Defendant White in his individual capacity.

### FOURTH CAUSE OF ACTION – UNREASONABLE SEIZURE – FALSE ARREST

103. Plaintiff adopts and incorporates paragraphs 1 through 102 above, as if set forth fully herein.

104. Plaintiff's fourth cause of action is presented against Defendants White, Haines, Bellamy, and Nye, in their individual capacities and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

105. The actions of Defendants unreasonably arresting Plaintiff and thereby denying him of his liberty without probable cause to do so constitute violations of Plaintiff's rights against unreasonable seizure under the Fourth and Fourteenth Amendments.

106. At the time Defendants arrested Plaintiff, the law against arresting a citizen without probable cause was clear and well established.

107. Defendants at all pertinent times were acting under color of state law.

108. The actions of the Defendants were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

109. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendants in an amount in excess of $75,000.00 for actual damages, emotional distress, and punitive damages,

each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper.

### FIFTH CAUSE OF ACTION – UNREASONABLE SEIZURE – UNLAWFUL DETENTION

110. Plaintiff adopts and incorporates paragraphs 1 through 109 above, as if set forth fully herein.

111. Plaintiff's fifth cause of action is presented against Defendants White, Haines, Bellamy, and Nye, in their individual capacities and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

112. The actions of Defendants unreasonably continuing to detain Plaintiff without reasonable suspicion and/or probable cause to do so, after the completion of an investigative detention, constitute violations of Plaintiff's rights against unreasonable seizure under the Fourth and Fourteenth Amendments.

113. At the time Defendants continued to detain Plaintiff without probable cause, the law against detaining a citizen without probable cause, and/or after the completion of an investigatory detention, was clear and well established.

114. Defendants at all pertinent times were acting under color of state law.

115. The actions of the Defendants were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

116. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendants in an amount in excess of $75,000.00 for actual damages, emotional distress, and punitive damages, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper.

**SIXTH CAUSE OF ACTION – UNREASONABLE SEIZURE – UNLAWFUL DETENTION**

117. Plaintiff adopts and incorporates paragraphs 1 through 116 above, as if set forth fully herein.

118. Plaintiff's sixth cause of action is presented against Defendant Haines in his individual capacity and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

119. The actions of Defendant Haines in knowingly extending an investigative detention of the Plaintiff without reasonable suspicion and/or probable cause, constitute violations of Plaintiff's rights against unreasonable seizure under the Fourth and Fourteenth Amendments.

120. At the time Defendant Haines continued to detain Plaintiff without reasonable suspicion or probable cause, the law against detaining a citizen without probable cause, and/or after the completion of an investigatory detention, was clear and well established.

121. Defendant Haines at all pertinent times were acting under color of state law.

122. The actions of Defendant Haines were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

123. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendant Haines in an amount in excess of $75,000.00 for actual damages, emotional distress, and punitive damages, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper.

**SEVENTH CAUSE OF ACTION – FAILURE TO STOP AN UNLAWFUL DETENTION**

124.  Plaintiff adopts and incorporates paragraphs 1 through 123 above, as if set forth fully herein.

125.  Plaintiff's seventh cause of action is presented against Defendant Haines in his individual capacity and Plaintiff presents this cause of action pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

126.  The actions of Defendant Haines in knowingly and willingly failing to intervene or stop an unlawful arrest or detention, knowing Defendants lacked probable cause or reasonable suspicion to detain or arrest Plaintiff, constitute a violation of Plaintiff's Fourth and Fourteenth Amendment Rights against unreasonable seizure.

127.  At the time Defendant Haines failed to intervene in the unlawful detention and/or arrest of the Plaintiff, knowing such detention or arrest was not supported by reasonable suspicion or probable cause, the law against such failure to intervene was clear and well established.

128.  Defendant Haines at all pertinent times were acting under color of state law.

129.  The actions of Defendant Haines were the direct and proximate cause of the Plaintiff's damages, which he is entitled to recover.

130. As a result of the actions of the Defendants, Plaintiff is entitled to recover damages in excess of $75,000.00

WHEREFORE, Plaintiff, Kenneth Grantz, prays for judgment against Defendant Haines in an amount in excess of $75,000.00 for actual damages, emotional distress, and punitive damages, each together with pre-judgment and post-judgment interest, costs, and attorneys' fees and any other relief, in law or in equity, as the court deems reasonable and proper.

Respectfully submitted,

_s/Dustin J. Hopson_____
Dustin J. Hopson, OBA #19485
Hopson Legal LLC
512 NW 12th Street
Oklahoma City, OK 73103
Telephone: (405) 232-6357
Email: dustin@hopsonlawfirm.com